```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JACOB MASLOW,

                    Plaintiff,
                                            ORDER
          -against-                         13-CV-6005(JS)(AKT)

MEDICAL DEPOT d/b/a DRIVE MEDICAL,
BIG APPLE SUPPLIES INC., MEDIHUB
INC., and TAD ADAR INC.,

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Jacob Maslow, pro se
                    144 Joseph Avenue
                    Staten Island, NY 10314

For Defendants:     No appearances.
```

SEYBERT, District Judge:

On September 13, 2013, pro se plaintiff Jacob Maslow ("Plaintiff") commenced the instant action against defendants Medical Depot d/b/a Drive Medical ("Drive Medical"), Big Apple Supplies Inc. ("Big Apple"), Medihub Inc. ("Medihub"), and Tad Adar Inc. ("Tad Adar" and collectively "Defendants") in the United States District Court for the Southern District of New York (the "Southern District"). On October 21, 2013, Southern District Judge Loretta A. Preska ordered that the matter be transferred to the United States District Court for the Eastern District of New York. Plaintiff's Complaint was transferred and assigned to the undersigned on October 30, 2013. The Complaint asserts claims pursuant to the Fair Labor Standards Act, as amended 29 U.S.C. §§ 201 et seq., as well as various state law claims. Plaintiff's

Complaint was accompanied by an application to proceed *in forma pauperis*.

Upon review of Plaintiff's declaration in support of his application to proceed *in forma pauperis*, the Court finds that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed *in forma pauperis* is GRANTED.

The Clerk of the Court is directed to forward copies of the Summons, Complaint, and this Order to the United States Marshal Service ("USMS") for service upon Defendant Drive Medical without prepayment of fees. However, the USMS will not be able to effect service of the Summonses and the Complaint on Defendants Big Apple, Medihub, and Tad Adar as Plaintiff has not provided their addresses. Accordingly, Plaintiff is to provide the Court, to the best of his ability, the addresses of Defendants Big Apple, Medihub, and Tad Adar, within fourteen (14) days of the date of this Order, at which time the Clerk of the Court is directed to forward copies of the Summonses, Complaint, and this Order to the USMS for service upon Defendants Big Apple, Medihub, and Tad Adar without prepayment of fees. See *Gonzalez v. L'Oreal USA, Inc.*, 489 F. Supp. 2d 181, 184 (N.D.N.Y. 2007) ("Although [unincarcerated] plaintiffs proceeding *in forma pauperis* are entitled to rely upon the United States Marshal to effect service, that reliance is not

absolute; plaintiffs always retain the obligation to provide the process servers with the necessary information and to generally make diligent efforts [to provide an address for service].").

The Clerk of the Court is directed to serve notice of entry of this Order in accordance with Rule 77(d)(1) of the Federal Rules of Civil Procedure by mailing a copy of this Order to the pro se Plaintiff at his last known address. See FED. R. CIV. P. 5(b)(2)(C).

                                         SO ORDERED.


                                         /s/ JOANNA SEYBERT
                                         Joanna Seybert, U.S.D.J.

Dated:  November  18 , 2013
        Central Islip, New York