UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
JACOB MASLOW,

                Plaintiff,

    -against-                             MEMORANDUM & ORDER
                                                    13-CV-6005(JS)(AKT)
BIG APPLE SUPPLIES INC., MEDIHUB
INC., and TAD ADAR INC.,

                Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:      Jacob Maslow, pro se
                    144 Joseph Avenue
                    Staten Island, NY 10314

For Defendants:     Tovia Jakubowitz, Esq.
                    Jakubowitz & Chuang LLP
                    3019 Avenue J
                    Brooklyn, NY 11210

SEBYERT, District Judge:

      Currently pending before the Court is the parties' settlement agreement (the "Agreement"), submitted for the Court's approval, in this Fair Labor Standards Act ("FLSA") action. For the following reasons, the Court rejects the Agreement.

## DISCUSSION

      In this Circuit, judicial approval of, and public access to, FLSA settlements is required. See, e.g., Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 337-40 (S.D.N.Y. 2012); see also Martinez v. Ragtime Foods of N.Y., Inc., No. 11-CV-1483, 2011 WL 5508972, at *1 (E.D.N.Y. Nov. 10, 2011) ("Because

judicial approval is required for settlement under the FSLA, settlement agreements in FLSA cases are judicial documents to which a presumption of public access applies."); Lin v. Comprehensive Health Mgmt., Inc., No. 08-CV-6519, 2009 WL 2223063, at *1 (S.D.N.Y. July 23, 2009) ("Any document reflecting the terms of the settlement and submitted to the Court is a 'judicial document' to which the presumption of access likely applies." (citing Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006))); but see generally Picerni v. Bilingual Seit & Presch. Inc., 925 F. Supp. 2d 368 (E.D.N.Y. 2013). To overcome the presumption of public access, "the parties must make a substantial showing of a need" that the terms of their settlement should not be filed on the public docket. Mosquera v. Masada Auto Sales, Ltd., No. 09-CV-4925, 2011 WL 282327, at *2 (E.D.N.Y. Jan. 25, 2011)); accord Martinez, 2011 WL 5508972, at *1. Here, although the parties have filed the Agreement on the public docket, it contains various confidentiality provisions, which the Court finds are impermissible.

## CONCLUSION

For the foregoing reasons, the Court cannot approve the Agreement at this time. Accordingly, the parties may proceed in one of two ways:

(1) The parties may file on the public docket a revised Agreement that does not include a confidentiality provision together with a Stipulation of Dismissal; or

(2) The parties may file a letter indicating their intention to abandon their settlement and continue to litigate this action.

The parties must take one of the above-mentioned actions within thirty (30) days of the date of this Order.

The Clerk of the Court is directed to mail a copy of this Memorandum and Order to pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: September 23, 2014
Central Islip, NY